Magistrate Judge Michelle L. Peterson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> ROLANDO ICAL-CHOC, <br><br> Defendant. | CASE NO. MJ25-513 <br><br> COMPLAINT for VIOLATION <br><br> 8 U.S.C. § 1326(a) |

BEFORE MICHELLE L. PETERSON, United States Magistrate Judge, U.S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT ONE

### (Reentry of Removed Alien)

On or about August 18, 2025, in King County, within the Western District of Washington, ROLANDO ICAL-CHOC, an alien, a native and citizen of Guatemala, was found in the United States after having been removed therefrom, and after knowingly and voluntarily reentering the United States without having obtained the express consent of

Complaint
*United States v. Ical-Choc* - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Attorney General and the Secretary of the Department of Homeland Security to reapply for admission to the United States.

All in violation of Title 8, United States Code, Section 1326(a).

And the complainant states that this Complaint is based on the following information:

I, Homeland Security Investigations, Supervisory Special Agent Jayme McFarland, being first duly sworn on oath, depose and say:

## **INTRODUCTION**

1. I am a Supervisory Special Agent with the U.S. Department of Homeland Security (DHS), Homeland Security Investigations (HSI), assigned to the Special Agent in Charge Seattle, Washington, field office. I have been a Special Agent with HSI since December 2010. I completed the Criminal Investigator Training Program and the HSI Special Agent Training Program located at the Federal Law Enforcement Training Center in Glynco, Georgia. My training included courses in law enforcement techniques, federal criminal statutes, conducting complex criminal investigations, physical and electronic surveillance techniques, and the execution of search/arrest warrants. During my employment as a law enforcement officer, I have attended periodic seminars, meetings, conferences and received continued training.

2. As an HSI Criminal Investigator, I am trained to conduct investigations relating to violations of Title 8 (Aliens and Nationality), Title 18 (Crimes and Criminal Procedure), Title 19 (Customs Duties), and Title 21 (Food and Drugs), of the United States Code. As part of my duties as an HSI Criminal Investigator, I investigate criminal violations relating to child exploitation and child pornography, human smuggling, human trafficking, narcotics trafficking by transnational criminal organizations and immigration violations. While acting in my authority as an HSI Criminal Investigator, I have conducted and participated in the execution of numerous search warrants, arrests pursuant

Complaint
*United States v. Ical-Choc* - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to criminal complaints, seized and processed evidence, and testified in multiple court proceedings.

3. Based on my training and experience and communication with fellow DHS employees, I know the following:

    a. Every person has a unique set of fingerprints. I also know that unique identification numbers – including, but not limited to, Fingerprint Identification Number System ("FINS") numbers and Federal Bureau of Investigation ("FBI") numbers – can be assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in law enforcement databases from another person's fingerprints. In many cases, DHS and other government agencies utilize FINS and FBI numbers to associate unique fingerprint records and information to a specific individual.

    b. Moreover, when a person is fingerprinted by DHS agencies, such as ICE (formerly INS), those unique fingerprint identifiers are associated with an individual's unique alien number ("A-number") and alien file ("A-file"). An A-file typically contains official documentation regarding a person's deportation or removal history as well as alienage. That A-file is maintained in DHS custody, and documents and information from that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has been removed or deported from the United States, whether that person is a foreign national, and whether that person has been lawfully admitted into the United States, pursuant to, for example, a non-immigrant visa.

4. Generally, after an arrest for a criminal offense, a person's biometric fingerprint information is obtained and enrolled into a nationwide repository for criminal history records as part of a normal booking process. That information is then associated with a unique identification number for the person's fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated

Complaint  
*United States v. Ical-Choc* - 3

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

1   with an A-file and A-number. A match between fingerprint identifiers can therefore be
2   used to confirm the identity of a person associated with specific records, including
3   immigration records indicating whether that person is amenable to immigration
4   enforcement action.

5     5. The facts set forth in this Affidavit are based on my own personal
6   knowledge; knowledge obtained from other individuals during my participation in this
7   investigation, including other law enforcement personnel; review of documents and
8   records related to this investigation; communications with others who have personal
9   knowledge of the events and circumstances described herein; and information gained
10  through my training and experience. This Affidavit is intended to merely show there is
11  sufficient probable cause for the above charge and does not set forth all my knowledge
12  about this matter.

13    6. As further detailed below, based on my investigation and the investigation
14  of other law enforcement officers, I submit there is probable cause to believe that
15  ROLANDO ICAL-CHOC, who was previously removed from the United States, was
16  found in the United States after knowingly and voluntarily reentering the United States
17  without prior authorization to do so.

18  **SUMMARY OF PROBABLE CAUSE**

19    7. On or about August 18, 2025, the ICE Law Enforcement Support Center
20  ("LESC") - an ICE center responsible for processing biometric and biographic
21  immigration alien queries originating from federal, state, and local law enforcement
22  agencies - received an electronic notification based on biometric fingerprint information
23  that on August 16, 2025, ICAL-CHOC had been arrested by Seattle Police Department in
24  King County, within the Western District of Washington, for Burglary First Degree –
25  Domestic Violence (RCW 9A.52.020) and No Contract/Protection/Restraining Order
26  Violation – Domestic Violence (RCW 26.50.110). ICAL-CHOC is currently in custody
27  on these charges at the King County Jail in Seattle, Washington.

Complaint
*United States v. Ical-Choc* - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8. On or about August 19, 2025, I conferred with other law enforcement officers, including DHS personnel, and reviewed records associated with the defendant's unique fingerprint identifier that are contained in his A-file and other DHS indices. This is the unique fingerprint identifier that matches the fingerprints of the person arrested on August 16, 2025, by Seattle Police Department, as described above. Based on that review, I learned the following about ICAL-CHOC's immigration history:

    a. ICAL-CHOC is a citizen and national of Guatemala.

    b. On or about April 21, 2019, ICAL-CHOC was found in the United States near the Rio Grande Valley, Texas, after he was arrested by United States Border Patrol, Rio Grande Valley Sector Station. ICAL-CHOC was processed for Expedited Removal based on his statement that he illegally entered the United States on April 20, 2019, on a raft via the river from Reynosa, Mexico.

    c. On April 24, 2019, ICAL-CHOC was physically removed from the United States to Guatemala via deportation flight. The Notice to Alien Ordered Removed/Departure Verification (Form I-296) bears the photograph of ICAL-CHOC and the U.S. Border Patrol Agent who witnessed service of the document.

9. Following ICAL-CHOC's 2019 removal from the United States, he was found on August 16, 2025, in King County, within the Western District of Washington, based on the fingerprint notification received by LESC.

10. ICAL-CHOC's A-file and other DHS indices contain no record reflecting any application, or permission from the Secretary of Homeland Security or the U.S. Attorney General, to re-enter the United States following his April 24, 2019, removal. Based on my training and experience, as well as the training and experience of other law enforcement personnel involved in this investigation, I know that a record reflecting such application or permission would ordinarily be found in the A-file and/or DHS indices.

11. Based on the foregoing, I have probable cause to believe that ICAL-CHOC was found in the United States, after knowingly and voluntarily reentering the United

Complaint
United States v. Ical-Choc - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States without the express consent of the Attorney General and the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Section 1326(a).

12. ICAL-CHOC's criminal history report does not reflect any prior arrests or convictions.

13. Based on the foregoing, I have probable cause to believe that ICAL-CHOC was found in the United States, after knowingly and voluntarily reentering the United States without the express consent of the Attorney General and the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Section 1326(a).

## CONCLUSION

14. Based on the above facts, I respectfully submit that there is probable cause to believe that ROLANDO ICAL-CHOC has committed the offense of Reentry of a Removed Alien.

JAYME N MCFARLAND
Digitally signed by JAYME N MCFARLAND
Date: 2025.08.19 14:49:29 -07'00'

Jayme McFarland, Complainant
Supervisory Special Agent, HSI

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

DATED this 20th day of August 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

Complaint
United States v. Ical-Choc - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970